IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAZMYN BROWN, | ) |
| Plaintiff, | ) Case No. |
| v. | ) Removed from the Circuit Court of Jackson County, 16th Judicial Circuit, Missouri, Case No. 2516-CV23052 |
| INDEPENDENCE HOUSING AUTHORITY, | ) |
| TINA BARTLETT, in her official capacity as Chief Executive Officer of the Independence Housing Authority, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS

COME NOW Defendants Housing Authority of the City of Independence, Missouri (served as the "Independence Housing Authority") and Tina Bartlett by and through their undersigned counsel, and pursuant to Rule 12(b)(6) of the Fed. R. Civ. P., move to dismiss all counts and causes of action of Plaintiff Jazmyn Brown ("Brown") for failure to state a claim upon which relief can be granted, and in support state as follows:

1. Plaintiff ~~Jazmyn~~ Brown filed her <u>Verified Petition for Declaratory Judgment, Injunctive Relief, and Damages</u> in Jackson County in the State of Missouri. Defendants removed the suit to this federal district court as that pleading includes claims arising under the U.S. Constitution and federal law and therefore presents federal questions. 28 U.S.C. § 1331; 28 U.S.C. §§ 1441(c).

2. Plaintiff Brown's cause of action was brought against the Housing Authority of the City of Independent, Missouri ("Housing Authority") and Tina Bartlett, in her official capacity as the Housing Authority's Chief Executive Officer.

3. The Housing Authority is a municipal corporation and political subdivision of the State of Missouri. Tina Bartlett is a public employee of the Housing Authority.

4. Plaintiff Brown alleges she was a participant in the Housing Choice Voucher (HCV) Program pursuant to Section 8. 42 U.S.C. § 1437f.[1] The Housing Authority receives federal funds to help administer the HCV Program, which includes conducting inspections of private property that are leased to tenants - like the Plaintiff - who had been given public assistance in the form of a voucher for reduced rents at housing that qualifies for the Section 8 voucher.

5. Plaintiff Brown alleges that her voucher for public assistance which reduced her rent for housing under a lease with a private landlord was improperly terminated after an informal hearing was conducted by the Housing Authority pursuant to the Code of Federal Regulations, 24 C.F.R. § 982.555(a).

6. Plaintiff Brown takes issue with the hearing and the Housing Authority's decision. Plaintiff Brown alleges that the Housing Authority terminated her voucher under Section 8 without affording her procedural due process of law in violation of the Fourteenth Amendment of the United States Constitution. Plaintiff Brown seeks to enforce her right to a voucher through a private cause of action under 42 U.S.C. § 1437f, by asserting a 42 U.S.C. Section 1983 claim.

7. The Eighth Circuit Court of Appeals in *Hill v. Group Three Housing Development Corporation* forecloses Plaintiff Brown's lawsuit. 799 F.2d 385, 394-95 (8th Cir. 1986) (holding that Congress did not create a private right of action or allow for private enforcement of the Section 8 program under § 1437f). The Department of Housing and Urban Development (HUD), rather than private litigants, are the enforcer of any Section 8 program violations. *Id*. (citing *Phelps v.*

---

[1] Plaintiff claims arise from the United States Housing Act of 1937, as amended by the Housing and Community Development Act of 1974, which created the Section 8 housing program. *Hill v. Group Three Housing Development Corporation* forecloses Plaintiff Brown's lawsuit. 799 F.2d 385, 387 (8th Cir. 1986).

*Housing Authority*, 742 F.2d 816, 821 (4th Cir. 1984). The United States Supreme Cout has held that under a more stringent test an Act created through Congress's Spending Clause and spending powers must explicitly create a private cause of action in order for a plaintiff to enforce any right under § 1983. *Medina v. Planned Parenthood S. Atl.*, 145 S. Ct. 2219, 2228 (2025); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286, (2002).

8. Accordingly, Plaintiff Brown's Count I that claims she has a private cause of action under 42 U.S.C. § 1437f should be dismissed.

9. In addition, Plaintiff Brown has not been deprived of procedural due process. The allegations of her Verified Petition set out the procedures of a notice and hearing – due process that Plaintiff Brown received. This procedural due process was adequate as a matter of law.

10. Finally, Plaintiff Brown's claim for judicial review is time barred. *See* R.S.Mo. § 536.110. Plaintiff Brown seeks judicial review under R.S.Mo. § 536.150. However, under that statute, Plaintiff Brown failed to seek judicial review within (30) days of the Housing Authority's final decision. Plaintiff Brown pleads a final decision was made terminating her voucher on June 17, 2022. Plaintiff Brown did not file suit until July 22, 2025, more than 30 days after the final decision. For this additional reason, Plaintiff Brown's suit is barred.

11. Defendants do not waive any immunities and protections under the Eleventh Amendment of United State Constitution. Claims for monetary damages must be dismissed.

WHEREFORE, for the reasons stated herein and in Defendants' Suggestions in Support, Defendants move the Court to dismiss with prejudice Plaintiff's causes of action alleged in her <u>Verified Petition for Declaratory Judgment, Injunctive Relief, and Damages</u>.

**BUCKLEY, ENGELBART & CHAPELL, LLC**

By: /s/ Joshua J. Engelbart
Joshua J. Engelbart  #50316 MO
10805 Sunset Office Drive, Suite 401
St. Louis, MO 63127
Telephone: (314) 621-3434
Facsimile: (314) 621-3485
engelbart@buckleylawllc.com
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 8th day of September, 2025, I electronically signed the original of the above filing, and the same was filed electronically and served via the Court's electronic filing system to the attorneys of record, and by delivering a copy via electronic mail to the attorney for Plaintiff, Tess Johnson of Legal Aid of Western Missouri at tjohnson@lawmo.org.

/s/ Joshua J. Engelbart